NC

FILED

2007 JUN 11 P 3:44

RICHARD W. WIEKING
CLERK
U.S. DISTRICT COURT
NO. DIST. OF CA. S.J.

**COMPLAINT BY A PRISONER UNDER THE CIVIL RIGHTS ACT, 42 U.S.C §§ 1983**

Name MCCRIGHT COLVIN —
(Last) (First) (Initial)

Prisoner Number B-08892

Institutional Address PELICAN BAY STATE PRISON

---

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

COLVIN MCCRIGHT
(Enter the full name of plaintiff in this action.)

vs.

WARDEN JOE MCGRATH, THE DIRECTOR OF CORRECTIONS; CLASSIFICATION MEMBERS, L. POLK, S. WHEELER, D. ROY, E. GRIFFITH; WARDEN, R. HOREL.
(Enter the full name of the defendant(s) in this action)

C07 03021 JW

Case No. ______
(To be provided by the clerk of court)

COMPLAINT UNDER THE CIVIL RIGHTS ACT, 42 U.S.C §§ 1983; 28 U.S.C. §§ 2201 AND 2202; FED. R. CIVIL PROCEDURE, RULE 65(b).

*[All questions on this complaint form must be answered in order for your action to proceed..]*

I. Exhaustion of Administrative Remedies

[**Note:** You must exhaust your administrative remedies before your claim can go forward. The court will dismiss any unexhausted claims.]

A. Place of present confinement PELICAN BAY STATE PRISON

B. Is there a grievance procedure in this institution?

YES (✓) NO ( )

C. Did you present the facts in your complaint for review through the grievance procedure?

YES(✓) NO ( )

D. If your answer is YES, list the appeal number and the date and result of the

appeal at each level of review. If you did not pursue a certain level of appeal, explain why.

1. Informal appeal APRIL 8, 2004

THE FIRST LEVEL WAS "BYPASSED" BY APPEALS COORDN. 2. First formal level THE APPEALS COORDINATOR "BYPASSED" THE FORMAL LEVEL. SEE EXHIBIT A

3. Second formal level THE SECOND LEVEL WAS DENIED ON 6-4-04 BY THE WARDEN, JOE MCGRATH. SEE EXHIBIT A. 4 Third formal level THE DIRECTOR OF CORRECTIONS DENIED THE APPEAL ON DECEMBER 14, 2004. SEE EXHIBIT A

E. Is the last level to which you appealed the highest level of appeal available to you?

YES (✓) NO ( )

F. If you did not present your claim for review through the grievance procedure, explain why. N/A

II. Parties

A. Write your name and your present address. Do the same for additional plaintiffs, if any.

COLVIN MCCRIGHT - B-08892, P.O. BOX 7500, CRESCENT CITY CALIF. 95532

B. Write the full name of each defendant, his or her official position, and his or her

place of employment.

CLASSIFICATION MEMBERS: L. POLK; S. WHEELER (CAPTAIN); D. ROY (LCSW); G. GRIFFITH (CC II); WARDEN, JOE MCGRATH; AND THE DIRECTOR OF CORRECTIONS; WARDEN R. HOREL. (HABEAS CORPUS WAS DISMISSED WITHOUT PREJUDICE BY COURT ON MAY 18, 2007. SEE EXHIBIT "G").

III.

Statement of Claim

State here as briefly as possible the facts of your case. Be sure to describe how each defendant is involved and to include dates, when possible. Do not give any legal arguments or cite any cases or statutes. If you have more than one claim, each claim should be set forth in a separate numbered paragraph.

1. ON SEPTEMBER 27, 1996, AND JANUARY 21, 1997, THE DIRECTOR OF CORRECTIONS ISSUED MEMORANDUMS TO "ALL" WARDENS (JOE MCGRATH), "ALL" CLASSIFICATION AND PAROLE REPS, "ALL" CLASSIFICATION STAFF REPRESENTATIVES (DEFENDANT(S) L. POLK, S. WHEELER, D. ROY, G. GRIFFITH). SEE EXHIBIT(S) "B"

2. THE MEMORANDUMS SPECIFICALLY INSTRUCTED ALL INTERESTED PERSONS NAMED IN PARAGRAPH #1 TO CEASE/STOP CLASSIFYING RAZOR BLADES AS DANGEROUS WEAPONS. SEE ALSO EXHIBIT(S) 'B.'

3. ON 2-19-04 CORRECTIONAL OFFICER B.R. JACKSON SEARCHED PLAINTIFF ASSIGNED CELL AND FOUND A LOOSE RAZOR BLADE (STATE ISSUED) IN THE STORAGE LOCKER BETWEEN THE

(SEE ADDITIONAL PAGE 1)

IV. Relief

Your complaint cannot go forward unless you request specific relief. State briefly exactly what you want the court to do for you. Make no legal arguments; cite no cases or statutes.

PLAINTIFF INVOKE PENDENT JURISDICTION TO WIT: PC 4900 ET SEQ

AUTHORIZING DEFENDANTS PAY PLAINTIFF $100.00 (ONE HUNDRED DOLLARS) A DAY FOR EACH DAY PLAINT WAS SEGREGATED FROM THE GP; PRELIMINARY AND PERMANENT INJUNCTION WHICH PROHIBITS DEFENDANTS, THEIR SUCCESSORS FROM CLASSIFYING RAZORS AS DANGEROUS WEAPONS; REMOVE CONTESTED REPORTS FROM PLAINTS' FILE AND ISSUE CONVERSE REPORTS STATING PLAINTIFF DID NOT POSSESS A DEADLY WEAPON.

I declare under penalty of perjury that the foregoing is true and correct.

Signed this 6 day of JUNE, 2007

Colin McCright

(Plaintiff's signature)

STATEMENT OF CLAIM (CONTINUATION—ADDITIONAL PAGE 1)

SHELVING BRACKET.

4. THE RAZOR WAS CONFISCATED. PLAINTIFF WAS SUBSEQUENTLY CHARGED WITH POSSESSION OF A DEADLY WEAPON. SEE EXHIBIT "C".

ALL OF PLAINTIFF PERSONAL AND LEGAL PROPERTY WAS CONFISCATED; AND HE WAS REMOVED FROM THE GENERAL POPULATION TO "ADMINISTRATIVE SEGREGATION" WHERE HE REMAINED FOR NEARLY 180-DAY WITHOUT MOST OF THE PRIVILEGES ALLOWED IN THE GENERAL POPULATION. SEE EXHIBIT "D".

5. WHILE HOUSED IN THE ATYPICAL AD SEG. UNIT DEFENDANTS L. POLK, S. WHEELER, D. ROY AND G. GRIFFITH RECOMMENDED AND/OR AUTHORIZED A CRIMINAL COMPLAINT TO BE FILED WITH THE DEL NORTE DISTRICT ATTORNEY ACCUSING PLAINTIFF OF VIOLATING CAL. PENAL CODE, § 4502 (POSSESSION OF A DEADLY WEAPON). THE COMPLAINT WAS FILED ON MARCH 5, 2004, AND ON MARCH 15, 2004 THE D.A. REJECTED THE CASE. SEE EXHIBIT(S) "E".

6. WHEN PLAINTIFF APPEARED AT THE CLASSIFICATION HEARING CHAIRMANED BY L. POLK, S. WHEELER, D. ROY AND G. GRIFFITH, PLAINTIFF MAINTAINED HE WAS INNOCENT, AND EXPLAINED THAT THE CHARGES COULD NOT POSSIBLY BE VALID BECAUSE (1) THERE ARE NO RULES IN THE TITLE 15 THAT AUTHORIZES PRISON OFFICIALS TO SEGREGATE A PRISONER IN AD. SEG. OR FILE A CRIMINAL COMPLAINT WITH THE LOCAL D.A. FOR POSSESSION OF A RAZOR BLADE, AND (2) BECAUSE PRISON GUARDS PASS OUT RAZORS TO INMATES IN THEIR CELLS THREE TIMES A WEEK—THERE WAS NO WAY RAZORS IN THE POSSESSION OF INMATES COULD BE A CRIME (PC 4502) OR VIOLATION OF THE DIRECTOR'S REGULATIONS (CCR. § 3006(a).)

7. DEFENDANTS REJECTED PLAINTIFF DEFENSE AND ORDERED HE BE HOUSED IN AD. SEG. PENDING THE OUTCOME OF THE D.A. REFERRAL. SEE EXHIBIT "D".

- CONTINUED ON NEXT PAGE -

STATEMENT OF CLAIM (ADDITIONAL PAGE 2)

8. WHEN PLAINTIFF APPEALED THE WEAPONS CHARGE TO DEFENDANT J. MCGRATH HE SUPPRESSED THE DIRECTOR'S "CEASE AND DESIST" MEMORANDUMS AND IGNORED THE OFFICIAL DISPOSABLE RAZOR BLADE POLICY OR OPERATIONS MANUAL 54030.17.4 — AND UPHELD THE WEAPON CHARGE. SEE EXHIBIT(S) "A" AND "F".

9. PLAINTIFF CONTENDS THE DIRECTOR OF CORRECTIONS "ENCOURAGED" AND "FACILITATED" THE DE FACTO WEAPONS POLICY BY FAILING TO ENFORCE THE SEPTEMBER 1996 AND JANUARY 1997 MEMORANDUMS AND THE DEPARTMENT'S DISPOSABLE RAZOR POLICY OR OPERATIONS MANUAL, 54030.17.4, WHICH CLEARLY STATES THAT "GENERAL POPULATION" INMATES ARE ALLOWED TO POSSESS 10 DISPOSABLE RAZORS. SEE EXHIBIT(S) B AND F.

10. INSTEAD OF ENFORCING THE DIRECTOR'S MANDATORY REGULATIONS WITH REGARD TO DISPOSIBLE RAZORS, DEFENDANT MCGRATH IMPLEMENT A DE FACTO WEAPONS POLICY THAT RESULTED IN PLAINTIFF BEING FALSELY ACCUSED OF WEAPONS POSSESSION AND SEGREGATED FROM THE GENERAL POPULATION IN AD.SEG NEARLY 180 DAYS. SEE EXHIBIT F-1, AND "D".

11. THE PRESENT WARDEN, DEFENDAN R. HOREL IS CURRENTLY ENFORCING DEFENDANT MCGRATH'S DE FACTO RAZOR BLADE POLICY; HENCE, PLAINTIFF REQUEST THAT THE DE FACTO POLICY THAT IS OP. NO. 806 (SEE EXHIBIT F-1) BE DECLARED VOID OR INVALID.

— ADDITIONAL DAMAGES —

1. COMPENSATORY DAMAGES IN THE AMOUNT OF $10,000.⁰⁰ AND PUNITIVE DAMAGES OF $10,000 TO BE PAID TO PLAINTIFF FROM EACH DEFENDANT;

2. PLAINTIFF COST OF THIS SUIT;

3. REQUIRE DEFENDANTS, THEIR AGENTS, EMPLOYESS, SUCCESSORS IN OFFICE TO: (1) ALLOW GENERAL POPULATION INMATES TO POSSESS 10-DISPOSABLE RAZORS AS MANDATED BY THE DIRECTOR OR OP 54030.17.4;

4. SUCH OTHER RELIEF NECESSARY TO FORCE DEFENDANTS TO ENFORCE THE DIRECTOR'S LAWFUL RAZOR POLICY.

5. TO NEGOTIATE A POSSIBLE SETTLEMENT WITH PLAINTIFF IF THE FACTS ARE NOT IN DISPUTE.

# EXHIBIT A

Location: Institution/Parole Region
1. PBSP
2.

Log No.
1. 504-01092
2.

Category
1/2
Poss weapon

**INMATE/PAROLEE APPEAL FORM**
CDC 602 (12/87)

You may appeal any policy, action or decision which has a significant adverse affect upon you. With the exception of Serious CDC 115s, classification committee actions, and classification and staff representative decisions, you must first informally seek relief through discussion with the appropriate staff member, who will sign your form and state what action was taken. If you are not then satisfied, you may send your appeal with all the supporting documents and not more than one additional page of comments to the Appeals Coordinator within 15 days of the action taken. No reprisals will be taken for using the appeals procedure responsibly.

| NAME | NUMBER | ASSIGNMENT | UNIT/ROOM NUMBER |
|---|---|---|---|
| COLVIN McCRIGHT | B-08892 | AD. SEG. | AB-222 |

A. Describe Problem: ON 2-19-04 I WAS CHARGED WITH POSSESSION OF A DEADLY WEAPON AFTER C/O B.R. JACKSON ALLEGEDLY FOUND A RAZOR BLADE SECRETED BETWEEN THE SHELVING BRACKET IN THE CELL I WAS ASSIGNED TO (A6-201). IT IS MY POSITION THAT THE RAZOR WAS IN THE LOCKER PRIOR TO ME MOVING INTO THE CELL; AND IT WASN'T PREVIOUSLY DISCOVERED UNTIL FEB 2004 BECAUSE C/O STILWEL DID NOT USE THE TYPE OF 'FEELER GAGE' DEVICE TO SEARCH THE LOCKER THAT C/O JACKSON USED ON 2-19-04. THE FEELER GAGE DEVICE WASN'T PROVIDED TO FLOOR OFFICERS UNTIL FEB. 2004 THIS INFORMATION WAS NOT STATED IN THE 2-19-04 CDC 115. I THINK IT IS IMPORTANT SEE ADDITIONAL SHEET

If you need more space, attach one additional sheet.

B. Action Requested: THAT THE 3-28-04 FINDING THAT I DESTROYED A STATE RAZOR BE REVERSED. AND ALL INFORMATION RELATED TO THE INCIDENT BE REMOVED FROM MY FILE.

Inmate/Parolee Signature: Mr. Colvin McCright Date Submitted: 4-8-04

C. INFORMAL LEVEL (Date Received: )

Staff Response:

BYPASS

Staff Signature: Date Returned to Inmate:

RECEIVED JUN 28 2004 INMATE APPEALS BRANCH

D. FORMAL LEVEL
If you are dissatisfied, explain below, attach supporting documents (Completed CDC 115, Investigator's Report, Classification chrono, CDC 128, etc.) and submit to the Institution/Parole Region Appeals Coordinator for processing within 15 days of receipt of response.

BYPASS

RECEIVED JUL 7 2004 INMATE APPEALS BRANCH

Signature: Date Submitted:

Note: Property/Funds appeals must be accompanied by a completed Board of Control form BC-1E, Inmate Claim

CDC Appeal Number:

APR 28 2004

PELICAN BAY STATE PRISON
SECOND LEVEL REVIEW

DATE: JUN 1 0 2004

Inmate MCCRIGHT, B-08892
Pelican Bay State Prison
Facility A, General Population
Building 6, Cell 222

RE: WARDEN'S LEVEL DECISION
APPEAL LOG NO. PBSP-S-04-01092

APPEAL: DENIED
ISSUE: DISCIPLINARY
LOG #A-04-02-0089

This matter was reviewed by JOE MCGRATH, Warden, at Pelican Bay State Prison. Correctional Counselor II B. Heaps conducted the Appeal interview at the Second Level of Appeal Review on June 1, 2004.

ISSUES

McCright objects to his accountability for a razor blade discovered in his cell.

FINDINGS

I

On February 19, 2004, Reporting Employee (RE) Correctional Officer W. Jackson discovered a razor blade in the cell solely assigned to McCright. The razor blade was concealed between the shelf bracket and the lower storage locker. The Rules Violation Report (RVR) documents that staff completed an Exhibit B on August 24, 2003. On March 28, 2004, McCright was found guilty of Possession of a Deadly Weapon.

McCright does not raise any due process issues. McCright contends that the RE used a "feeler gauge" to discover the razor blade, whereas, the officer that completed the Exhibit B did not have this type of tool, and therefore, did not discover the razor blade. According to McCright, this type tool was not available to staff until February 2004, and McCright believes that information should have been noted on the RVR. McCright requests the finding of guilt dismissed.

II

During the Appeal interview, McCright stated the RVR does not document the type of instrument used to discover the weapon.

III

Per the Hearing Summary, McCright testified that the RVR did not include detail of how the razor blade was discovered or where in the cell it was found, and that the RE informed him that he needed a special device (feeler gauge) to find the razor blade. McCright also testified that he used his prison identification card and did not discover the razor blade, so the RE had to use something thinner and more rigid than an identification card.

Supplement Page 2
MCCRIGHT, B-08892
Appeal # PBSP-S-04-01092

In reference to McCright's testimony that Jackson informed him that a feeler gauge was used, Jackson informed Counselor Heaps that he told McCright that an instrument similar to a feeler gauge can be helpful when performing cell searches, but he only used a piece of plastic, thinner than an identification card.

DETERMINATION OF ISSUE

Written notice has been posted to the inmate population that possession of a razor blade is considered possession of a deadly weapon. This notice is reaffirmed to each inmate each time that the inmate is given a razor for his use. If the razor is returned without the razor blade, for example, staff members initiate a search for the missing razor blade and confine the inmate until it is found.

McCright's contention that the RVR does not indicate the type of instrument used to discover the razor blade is noted. Staff is not required to identify the instrument used in a search. McCright's contention that he searched his cell with his identification card does not change the fact that staff discovered a razor blade in the cell.

McCright's contends that the razor blade was concealed in the bracket of the locker and the officer who processed the Exhibit B in 2003 missed the razor blade, and the razor blade was only discovered now because of a new searching tool made available to staff in 2004. There is no compelling proof that the razor blade was in the cell when the Exhibit B was completed. It is equally reasonable that the razor blade was not in the cell when the Exhibit B search was performed. Administrative hearings are determined based on a preponderance of evidence. The razor blade was discovered in McCright's assigned cell. Regardless of what type of instrument was used to discover the razor blade, in the absence of proof that the razor blade was in the cell prior to McCright's assignment to the cell, the Hearing Officer was appropriate to find McCright guilty. As such, the Senior Hearing Officer also assessed an additional penalty of a 90-day restriction of canteen privileges because razors are state property, and the blade was removed from the handle. The finding of guilt will not be dismissed. APPEAL DENIED.

MODIFICATION ORDER

No modification of this decision or action taken is required.

JOE MCGRATH
Warden
Pelican Bay State Prison

BRH #7 6/04/04

STATE OF CALIFORNIA
DEPARTMENT OF CORRECTIONS
INMATE APPEALS BRANCH
P. O. BOX 942883
SACRAMENTO, CA 94283-0001

# DIRECTOR'S LEVEL APPEAL DECISION

Date: DEC 14 2004

In re: McCright, B-08892
Pelican Bay State Prison
P.O. Box 7000
Crescent City, CA 95531-7000

IAB Case No.: 0403196 Local Log No.: PBSP 04-01092

This matter was reviewed on behalf of the Director of the California Department of Corrections (CDC) by Appeals Examiner R. Floto. All submitted documentation and supporting arguments of the parties have been considered.

I **APPELLANT'S ARGUMENT:** The appellant is submitting this appeal relative to CDC Form 115, Rules Violation Report (RVR), Log #A04-02-0089, dated February 19, 2004, for "Possession of a Deadly Weapon," a Division "A-1" offense. It is the appellant's position that he is not guilty of the RVR. He requests dismissal of the RVR.

II **SECOND LEVEL'S ARGUMENT:** The reviewer found that the appellant was afforded due process, including a fair and unbiased hearing. Procedural guidelines were not met in that time constraints were violated. Therefore, no forfeiture of credit was assessed in disposition of the RVR. On February 19, 2004, during a search of the appellant's cell the reporting employee discovered a razor blade hidden between the shelf bracket and storage locker. The appellant was found guilty based upon a preponderance of evidence by an impartial Senior Hearing Officer (SHO).

III **DIRECTOR'S LEVEL DECISION:** Appeal is denied.

A. **FINDINGS:** The appellant was afforded all due process rights in the adjudication of the RVR and all procedural guidelines were met. A preponderance of evidence was established by an impartial SHO to sustain the guilty finding. Reports reflect that the appellant has presented no new or compelling evidence in the appeal, which would warrant a modification of the decision reached by the institution.

B. **BASIS FOR THE DECISION:**
California Code of Regulations, Title 15, Section: 3006, 3315, 3320, 3323

C. **ORDER:** No changes or modifications are required by the institution.

This decision exhausts the administrative remedy available to the appellant within CDC.

T. Surges
4

N. GRANNIS, Chief
Inmate Appeals Branch

cc: Warden, PBSP
Appeals Coordinator, PBSP

# EXHIBIT B

State of California

Department of Corrections

# Memorandum

Date: September 27, 1996

To: Wardens
Classification and Parole Representatives
Classification Staff Representatives
Correctional Counselor IIIs

Subject: **RAZOR BLADES DEFINED AS DANGEROUS CONTRABAND OR WEAPONS**

The Rules Violation Reports (RVR) throughout the State show an inconsistency with regard to how institutions treat razor blades in the disciplinary process. This memorandum should clarify the California Department of Corrections (CDC) position about when an altered razor blade ceases to be "Dangerous Contraband" and becomes "Manufacturing a Weapon."

You may not charge an inmate with Manufacturing a Weapon because he simply removed the razor blade from its case or he broke the razor. There are several non violent reasons an inmate may have removed a razor blade from its case. While any such action is obviously a violation of the rules for Possession of Dangerous Contraband (a Division C non-SHUable offense) you should consider the contraband's intended use. When the inmate alters the razor blade in such a way as to make it a reasonably useful weapon (e.g., adds a handle) the inmate's action satisfies the preponderance of evidence threshold. You may now treat it as Manufacturing a Weapon and you may assess a SHU term.

I hope this explanation will help your institution in applying the CDC Rules and Regulations uniformly. Please call me at (916) 445-5691 or Marilyn Kalvelage, Chief, Classification Services Unit (CSU) at (916) 322-2544 with any questions regarding this clarification.

*Original Signed By*

DAVID TRISTAN
Deputy Director,
Institutions Division

cc: R. Melrose, Chief, Institution Operations
M. Kalvelage, Chief, CSU

*File:*
CDC 1617 (3/89)

State of California

Department of Corrections

# Memorandum

Date: January 21, 1997

To: Wardens
Classification and Parole Representatives
Classification Staff Representatives
Correctional Counselor IIIs

Subject: **REVIEW ON RAZOR BLADES DEFINED AS DANGEROUS CONTRABAND**

On September 27, 1996 in an informational memorandum, we defined policy regarding when a razor blade is dangerous contraband and when it is a weapon. At a recent Warden's conference several individuals asked that we revisit this issue.

Eddie Myers, Chief Deputy Director, Field Operations, and I reviewed this subject pursuant to your request. We were especially empathetic with the Level IV facilities facing this problem. However, the California Department of Corrections (CDC) rules and regulations do not differentiate between prison levels in defining Security Housing Unit (SHU) behavior. We believe that treating a razor blade as a weapon, absent a preponderance of evidence that the inmate intended to use it as a weapon, would impact SHU bed space profoundly and create a SHU management problem. The direction explained in the attached September 27, 1996 memorandum remains the CDC policy.

We do understand your perception of how this decision could make it more difficult for you to manage your prison population and did not come to the conclusion lightly. Please call Marilyn Kalvelage, Chief, Classification Services Unit (CSU) at (916) 322-2544 or me at (916) 445-5691 if you require further clarification or need to discuss a specific case.

*Original Signed By*

DAVID TRISTAN
Deputy Director
Institutions Division

Attachment

cc: E. Myers, Chief Deputy Director, Field Operations
B. Dieball, Assistant Deputy Director (A)
R. Melrose, Chief, Institution Operations
M. Kalvelage, Chief, CSU

# EXHIBIT C

804 FAXED ON 02/22/04

'TE OF CALIFORNIA DEPARTMENT OF CORRECTIONS

JLES VIOLATION REPORT

| NUMBER | INMATE'S NAME | RELEASE/BOARD DATE | INST. | HOUSING NO. | LOG NO. |
|---|---|---|---|---|---|
| -08892 | McCRIGHT | LWOP | PBSP | AF6-201L | A04-02-0089 |

| ATED RULE NO(S). | SPECIFIC ACTS | LOCATION | DATE | TIME |
|---|---|---|---|---|
| 306(a) | POSSESSION OF A DEADLY WEAPON | AF6-201 | 02/19/04 | 1120 HRS |

UMSTANCES On 02/19/04, at approximately 1120 hours, while assigned as A4 Floor Officer, was conducting a cell search of cell A6-201, occupied solely by Inmate McCRIGHT, B-08892, -201L. I removed a razor blade from the lower storage shelves. It is approximately 1½ [illegible] long and ¼ inch wide. It was between the shelving bracket and the storage locker. I :ified Sergeant T. Beers that I had located and removed a razor blade from cell A6-201. I ntained possession of the razor blade until it was placed in the Security Squad Room .dence locker #25. The Exhibit B indicates that on 08/24/03 the cell had been searched and ;pected prior to being occupied by Correctional Officer T. Stilwell. The original Exhibit B : placed in the evidence bag. This concludes my involvement in this incident.
**zor blades are a controlled item at PBSP).**
er to I/R #PBP-A06-04-02-0127.
s inmate is NOT EOP or Crisis Bed. Following current guidelines for Mental Health essment, the circumstances of this offense have been carefully evaluated. The reviewing ervisor has concluded that a Mental Health Assessment is NOT required.

| 'TING EMPLOYEE (Typed Name and Signature) | DATE | ASSIGNMENT | RDO'S |
|---|---|---|---|
| B.R. JACKSON, CORRECTIONAL OFFICER | 02-25-04 | AF4 FLOOR | F/S |

| VING SUPERVISOR'S SIGNATURE | DATE | ☐ INMATE SEGREGATED PENDING HEARING |
|---|---|---|
| [signature] Sgt | 2/25/04 | DATE LOC. |

| IFIED / MINISTRATIVE / IOUS | OFFENSE DIVISION: | DATE | CLASSIFIED BY (Typed Name and Signature) | HEARING REFERRED TO |
|---|---|---|---|---|
| | A | 2/25/04 | [signature] | ☐ HO ☐ SHO ☐ SC ☐ FC |

COPIES GIVEN INMATE BEFORE HEARING

| :115 | BY: (STAFF'S SIGNATURE) | DATE | TIME | TITLE OF SUPPLEMENT | | |
|---|---|---|---|---|---|---|
| | J. Occ | 2/26/04 | 0830 | 7219 x 1 | | |
| DENT REPORT NUMBER: -04-02-0127 | BY: (STAFF'S SIGNATURE) J. Occ | DATE 2/26/04 | TIME 0830 | BY: (STAFF'S SIGNATURE) J. Occ | DATE 2/26/04 | TIME 0830 |

G

EXHIBIT B x 1 J. Occ 2/26/04 0830

DA REFERRAL LETTER

[signature] 3-15-04 1000 HRS

D TO ☐ CLASSIFICATION ☐ BPT/NAEA FOR DISPOSITION SEE ATTACHED CDC-115-C

| 'Y: (TYPED NAME) | SIGNATURE | DATE | TIME |
|---|---|---|---|
| ENANT R.K. SWIFT, SENIOR HEARING OFFICER | [signature] | 3/28/04 | 1105 |

| D BY: (SIGNATURE) | DATE | CHIEF DISCIPLINARY OFFICER'S SIGNATURE | DATE |
|---|---|---|---|
| [signature] . WILLIAMS, A-FACILITY CAPTAIN | 4/5/04 | L. Polk LETHEL POLK, A.W.G.P. | 4-7-04 |

| OF CDC 115 GIVEN INMATE AFTER HEARING | BY: (STAFF'S SIGNATURE) | DATE | TIME |
|---|---|---|---|
| | C/O M. Amel | 4/11/04 | 0830 |

(7/88)

STATE OF CALIFORNIA
RULES VIOLATION REPORT - PART C

DEPARTMENT OF CORRECTIONS
PAGE 1 OF 2

| CDC NUMBER | INMATE'S NAME | LOG NUMBER | INSTITUTION | TODAY'S DATE |
|---|---|---|---|---|
| B-08892 | MCCRIGHT | A04-02-0089 | PBSP | 03/28/04 |

☐ SUPPLEMENTAL ☑ CONTINUATION OF: ☐ CDC 115 CIRCUMSTANCES ☑ HEARING ☐ I.E. REPORT ☐ OTHER

**Hearing:** The hearing was convened on 03/28/04, at approximately 0915 hours when I introduced myself to MCCRIGHT as the Senior Hearing Officer for this disciplinary. MCCRIGHT stated he was in good health with normal hearing and vision. MCCRIGHT acknowledged that he received copies of the following documents more than 24 hours in advance of the hearing: CDC-115 and Incident report with supplemental reports. These reports as well as the disciplinary charge of POSSESSION OF A DEADLY WEAPON were reviewed with MCCRIGHT in the hearing. MCCRIGHT stated he understood both and was prepared to begin the hearing.

**District Attorney:** MCCRIGHT was advised in the hearing that this has been referred for possible prosecution and he can postpone his hearing pending resolution of prosecution. He was informed that any statements he makes in this hearing could be used against him in a court of law. MCCRIGHT stated that he understood and he wanted to continue the hearing.

**Due Process:** The disciplinary was served on the inmate within 15 days of discovery. However, the hearing has not been held within 30 days of service on the inmate. Per CCR 3320 (f)(1), time constraints have been exceeded and credit forfeiture cannot be assessed.

The behavior of this inmate was evaluated at the time that the Reviewing Supervisor reviewed this disciplinary report. The Reviewing Supervisor concluded that a mental health assessment was not required. The SHO concurs. There is no compelling need for a mental health assessment based upon the circumstances given in this report.

**Staff Assistant:** A Staff Assistant was not assigned as MCCRIGHT agrees that he speaks English, is literate (that is, reads at 4.0 or above), the issues are not complex and a confidential relationship is not required. In the hearing, MCCRIGHT confirmed that assignment of a Staff Assistant was not necessary.

**Investigative Employee:** An IE was not assigned as the issues are not complex and the available information is sufficient. Per the CDC 115-A and his statements in the hearing, MCCRIGHT has not requested IE assignment.

**Request for Witnesses:** MCCRIGHT waived all witnesses and the Senior Hearing Officer requested none.

**Video and photo evidence:** Copies of photographs were used as evidence in this disciplinary hearing. Per the CDC 128B of 02/26/04, MCCRIGHT was allowed to examine these photographs more than 24 hours prior to the hearing. The photos were also available in the hearing. These photos will be filed in the confidential evidence folder in this inmate's Central file where these photos will remain for reference and future use as evidence.

**Plea:** Not guilty

**Hearing testimony:** MCCRIGHT gave the following testimony as his defense: "Yea, I think the 115 is not accurate. The charges according to the 115, he said he found the razor in the bracket in the cell. The officer did not include any detail on how it was discovered or where it was in the cell. I talked to Correctional Officer Jackson sometime after the date of the 115. Jackson stated to me that he needed special devices to find the razor, a flashlight and feeler gauge. I didn't have access to those devices. I used my ID card to search and I didn't find a razor so the device used by Jackson must have been thinner and more rigid that an inmate ID card. To my knowledge staff just started carrying these special devices so I don't think the search done for the exhibit B was not accurate."

**Finding:** Guilty of the Div. A-1 (8) offense POSSESSION OR MANUFACTURE OF A DEADLY WEAPON. This charge requires evidence the inmate was found in possession of something that qualifies as a deadly weapon or the inmate modified something into a deadly weapon. *Deadly weapon* means anything capable of serious or lethal injury.

| SIGNATURE OF WRITER | TITLE | DATE NOTICE SIGNED |
|---|---|---|
| R. K. SWIFT [signature] | CORRECTIONAL LIEUTENANT | 03/28/04 |

| COPY OF CDC-115-C GIVEN TO INMATE | GIVEN BY: (STAFF'S SIGNATURE) | DATE SIGNED: | TIME SIGNED: |
|---|---|---|---|
| | [signature] | 4/11/04 | 0830 |

TE OF CALIFORNIA
.ES VIOLATION REPORT - PART C

DEPARTMENT OF CORRECTIONS
PAGE 2 OF 2

| NUMBER | INMATE'S NAME | LOG NUMBER | INSTITUTION | TODAY'S DATE |
|---|---|---|---|---|
| 392 | MCCRIGHT | A04-02-0089 | PBSP | 03/28/04 |

PPLEMENTAL ☑ CONTINUATION OF: ☐ CDC 115 CIRCUMSTANCES ☑ HEARING ☐ I.E REPORT ☐ OTHER

ession includes both actual and constructive possession. *Constructive possession* means one person retains control nership while it is in the actual possession of another. Each inmate has an assigned area of responsibility and ing found within this area of responsibility is presumed to be in his possession. This finding is based upon the ing preponderance of evidence:

he testimony of Correctional Officer B. Jackson in the disciplinary report of 02/19/04 wherein Jackson testifies that a azor blade, which when removed from its original condition is considered a weapon at Pelican Bay, was discovered the cell of MCCRIGHT.

ICCRIGHT was assigned to the cell on the date of the discovery.

CCRIGHT was the only inmate assigned to the cell on the date of discovery

CCRIGHT signed an Exhibit B attesting to the fact that the cell was free of contraband prior to the date of discovery.

CCRIGHT by his own admission searched the cell prior to the date of discovery and the cell was free of contraband.

nce MCCRIGHT was the only inmate assigned to the cell it is reasonable to believe that MCCRIGHT was aware nd responsible for the razors existence in the cell.

ased on the experience of the Senior Hearing Officer the area described as the location of the discovery is ccessible to inmates. Additionally, inmates are aware this area is regularly used, by inmates, to conceal contraband nd deadly weapons from staff.

e standard of judgment for an administrative hearing is preponderance of evidence, which means as the Hearing ficer I must accept the most reasonable explanation of the circumstances as fact. In this case the most reasonable planation of the circumstances, in the opinion of the Senior Hearing Officer, is that MCCRIGHT is guilty of the arged rule violation.

**sition:** No forfeiture was assessed as time constraints were exceeded.

ed to classification for SHU evaluation.

l rights were explained. MCCRIGHT was referred to CCR §3084.1 and following for additional information on procedures.

**onal penalties:** Per CCR 3090(d), canteen privileges may be restricted for an offense including intentional or ent misuse, destruction or damage of state property. Restriction of canteen privileges means canteen draw slips be accepted during this period of restriction. Any canteen draw slips submitted by this inmate during this period returned without action. The inmate will be allowed to keep any canteen received or ordered prior to this ion. This offense involved the intentional or negligent misuse, damage or destruction of state property as follows: azor blade as a weapon. Effective the date of this hearing through 06/28/04, canteen privileges are restricted for IGHT for a total of 90-days.

s: Inmate trust office; Canteen, Program Office

| TURE OF WRITER | TITLE | DATE NOTICE SIGNED |
|---|---|---|
| WIFT [signature] | CORRECTIONAL LIEUTENANT | 03/28/04 |

| OF CDC-115-C GIVEN TO INMATE | GIVEN BY: (STAFF'S SIGNATURE) | DATE SIGNED: | TIME SIGNED: |
|---|---|---|---|
| | C/O M. Amel [signature] | 4/11/04 | 0830 |

# EXHIBIT D

ALIFORNIA DEPARTMENT OF CORRECTIONS
CDC 128G (Rev. 12/91)

-08892 NAME: McCRIGHT, CALVIN A2-222L
: MAX CS: 62 LEV IV D2/D EFF 2/19/04 Assignment: ASU
: MEPD 8/30/1979 Reclass: 9/3/04 Action: RETAIN ASU PENDING COMPLETION OF DISCIP PROCESS; REFER TO CSR-RX 180-DAY ASU EXT
3yr. Review 5/06

McCRIGHT (S) appeared before PBSP, AD-SEG, ICC on this date for Initial Review. No staff assistant was assigned, as S is not illiterate, speaks , can comprehend the issues, and is free of mental health services needs. An investigative employee was not required. Prior to Committee, S was an updated copy of his CDC 114D dated 2/24/04. Committee notes S was placed in Ad-Seg on 2/24/04 for the following reason: Possession of a Weapon. S was placed on CTQ status effective 2/19/04 pending ASU placement due to unavailability of ASU bed space at PBSP. CDC-115 Log# -0089 was issued and remains pending. C-file reflects a proposed MERD of 10/4/04. **Committee acts to retain in ASU pending completion of inary process and refer to CSR for 180-day ASU extension. Establish custody level at MAX, with WG/PG, D2/D effective 2/19/04.** S ated in Committee, acknowledged understanding, and disagreed with Committee action. Committee notes Madrid Exclusionary CDC 128C Chrono, 2/4/01, denoting no level of care. S does not meet PBSP-SHU exclusionary criteria. LCSW D. Roy, was present during this Committee action. When questioned regarding his current mental health status, he advised Committee he did not have Psych concerns at this time. S has been reviewed and d to the small management yard. S is cleared for double celling. S has no cellmate. **Committee acts to remove the 'S' suffix noting CDC 128G 11/28/01 placing S on Single Cell Status pending a Psychiatric Review.** On 12/4/01, Psychiatric Staff determined that S has no Mental Health ns. Committee believes S no longer warrants Single Cell Housing. S disagreed with Committee and stated that he will refuse to take a cellie. S said, will not be accepted." S was advised of Committee's decision and his right to appeal. S has been advised that any appeal of this Committee action e submitted within 15 working days of this date, whether he has received the CDC Form 128G Classification chrono or not. BPT 3 year review hearing led in 5/2006. Next scheduled Committee will be 9/3/04, for 180-Day Review.

ERSON: L. POLK, CDW(A) S. WHEELER/FC D. ROY/LCSW RECORDER: G. GRIFFITH/CCII

☐ 128-C2 in C-File
Inst: PBSP

]OBIS ☒CSR ☐IGI ☐PSYCH ☐MED ☐C&PR ☐OTHER ____
ee Date: 3/3/04 (GRIFFITH/cat) Classification FAC-A ICC/REVIEW

# EXHIBIT E

State of California

# Memorandum

Date : March 5, 2004

## DA REFERRAL
(DETAINER)

To : Central Services
Associate Warden

From : Department of Corrections
Pelican Bay State Prison, P.O. Box 7000, Crescent City, CA 95532-7000

Subject : **PBSP INCIDENT #PBP-A06-04-02-0127**

On February 19, 2004, inmate(s) **MCCRIGHT, B-08892,** committed the following violation(s) of the California Penal Code Section(s):

4502 **Possession, Manufacture, or Attempted Manufacture of Deadly Weapon by Person Confined, Conveyed, or in Custody**

As of March 5, 2004, this case was prepared for submission to the Del Norte County District Attorney's Office for further review and possible prosecution.

**Pelican Bay State Prison is not to release the above named inmate(s) pending disposition of this case.**

The Del Norte County District Attorney's Office will notify Pelican Bay State Prison when their office issues a complaint or rejects this pending case.

If you have any questions, please contact the Court Liaison's Office at extension 9081 or 5526.

K. R. THOMAS
Correctional Sergeant
Court Liaison Office

cc: Facility Captain
Facility S&E
Records
Inmate
CLO File

3|10|07
CSR

of California

# emorandum

: March 15, 2004

# DA REJECT
## (DETAINER REMOVAL)

: Central Services
Associate Warden

: Department of Corrections
Pelican Bay State Prison, P.O. Box 7000, Crescent City, CA 95532-7000

t: PBSP INCIDENT #PBP-A06-04-02-0127

On February 19, 2004, inmate(s) **MCCRIGHT, B-08892,** committed the following violation(s) of the California Penal Code Section(s):

4502 **Possession, Manufacture, or Attempted Manufacture of Deadly Weapon by Person Confined, Conveyed, or in Custody**

On March 5, 2004, this case was prepared for submission to the Del Norte County District Attorney's Office for further review and possible prosecution.

On March 15, 2004, the Del Norte County District Attorney's Office notified Pelican Bay State Prison that they declined to prosecute and referred the case back to the institution for administrative disposition.

The Court Liaison Office is no longer investigating the above named inmate(s). Please release the detainer placed by this office. Any pending disciplinary action should be completed and a closure report prepared.

This closes our interest in the case. If you have any questions, please contact the Court Liaison's Office at extension 9081 or 5526.

[signature] Sgt
K. R. THOMAS
Correctional Sergeant
Court Liaison Office

cc: Facility Captain
Facility S&E
Records
Evidence Officer
Inmate
CLO File

# EXHIBIT F




| Department of Corrections<br>NOTICE OF CHANGE TO<br>DEPARTMENT OPERATIONS MANUAL<br><br>**Chapter 5, Article 43, Inmate Property** | **Transmittal Letter Number:**<br>05-01<br><br>**Revision Date:**<br>March 2, 2005 |
|---|---|

The purpose of this document is to announce the revision to Department Operations Manual (DOM) Chapter 5, Article 43, Inmate Property. The revised DOM article (refer to Attachment) updates departmental policies regarding inmate property. This revision shall supersede the existing DOM Chapter 5, Article 43, Inmate Property.

This DOM revision incorporates and supersedes Administrative Bulletin 90/78, Wattage Increase of Inmates Television Sets.

The information contained in this document shall remain in effect until it is incorporated into the next updated DOM. Please ensure that all persons concerned are informed of the contents of this transmittal letter. You may direct any inquiries to Timothy Lockwood, Chief, Regulation and Policy Management Branch, at (916) 358-1662.

JOHN DOVEY
Chief Deputy Director
Field Operations

Attachments

4030.17.4

## PERSONAL CARE / HYGIENE FOR ALL INMATES

THE FOLLOWING ITEMS APPLY TO BOTH MALE AND FEMALE INMATES.

UPON AVAILABILITY, ALL COSMETIC ITEMS, INCLUDING HAIR CARE PRODUCTS, DEODORANTS, SOAPS, AND TOOTHPASTE MUST BE TRANSPARENT (BOTH THE SUBSTANCE AND THE CONTAINER MUST BE SEE-THROUGH.) NO ALCOHOL-BASED PRODUCTS AND NO AEROSOL CONTAINERS ALLOWED.

NO METAL CONTAINERS.

PRODUCTS CONTAINING PHOSPHATES ARE NOT ALLOWED.

INSTITUTIONS MAY REQUIRE DISPOSABLE RAZORS TO MEET SAFETY TAMPER PROOF SPECIFICATIONS.

| Item Description<br>With additional requirements and restrictions. | RECEPTION CENTER | | GENERAL POPULATION | | | SHU | ASU |
|---|---|---|---|---|---|---|---|
| | PRIVILEGE GROUP | | PRIVILEGE GROUP | | | PRIVILEGE GROUP | |
| | (New Arrival) U | (Processing) U | A | B | C | D | |
| **COMB** (Non-metal, maximum of 6" in length, no handle). | 1 | 1 | 1 | 1 | 1 | 0 | 0 |
| **COSMETIC/SHAVING BAG** (Not to exceed 6" x 6" x 8"). | 0 | 1 | 1 | 1 | 1 | 0 | 0 |
| **COTTON SWABS** | 0 | 40 | 40 | 40 | 40 | 0 | 0 |
| **DENTURE CLEANSER** | 0 | 1 box | 2 boxes | 2 boxes | 2 boxes | 0 | 0 |
| **DEODORANT** | 0 | 2 | 2 | 2 | 2 | 0 | 0 |
| **HAIR CONDITIONER** | 0 | 1 | 2 | 2 | 2 | 0 | 0 |
| **HAIR OIL / GREASE** | 0 | 1 | 2 | 2 | 2 | 0 | 0 |
| **LOTION** | 0 | 1 | 2 | 2 | 2 | 0 | 0 |
| **MEDICATIONS, OVER-THE-COUNTER** (Only those medications allowed by current OTC drug distribution policy shall be stocked by institution canteens, **OTC medications are not approved for inmate packages**). | YES | YES | YES | YES | YES | YES | YES |
| **MIRROR** (Maximum of 6" diameter). | 0 | 1 | 1 | 1 | 1 | 0 | 0 |
| **MOUTHWASH** (Non-alcohol only). | 0 | 1 | 2 | 2 | 2 | 0 | 0 |
| **NAIL CLIPPER** (Maximum of 2" length, no file blade). | 0 | 1 | 1 | 1 | 1 | 0 | 0 |
| **PALM BRUSH** (No handle, plastic only). | 1 | 1 | 1 | 1 | 1 | 0 | 0 |
| **PETROLEUM JELLY** | 0 | 1 | 2 | 2 | 2 | 0 | 0 |
| **RAZOR, DISPOSABLE** | 0 | 5 | 10 | 10 | 10 | 0 | 0 |
| **SHAMPOO** | 0 | 1 | 2 | 2 | 2 | 1 | 0 |
| **SHAVING CREAM** (Non-aerosol). | 0 | 1 | 2 | 2 | 2 | 1 | 0 |

# EXHIBIT F-1

California

# morandum

: November 7, 2002

: All Correctional Lieutenants

: Department of Corrections
Pelican Bay State Prison, P.O. Box 7000, Crescent City, CA 95532-7000

t: **RAZOR BLADES AS WEAPONS**

At Pelican Bay State Prison (PBSP), possession of razor blades by inmates is controlled due to the issuance and retrieval of razor blades by staff. A determination has been made by the Classification Services Unit (CSU) that based on the fact that PBSP controls the possession of razor blades by inmates, that if an inmate is found in possession of a razor blade outside the case, CSU will support a finding of guilt for Possession of a Weapon, a Division A-1 offense, and the accompanying SHU term for Possession of a Weapon.

To support the charge and findings of possession of a weapon, the fact that razor blades are a controlled item at PBSP must be indicated in the circumstances of the Rules Violation Report, CDC 115. This must be included in the circumstances to advise the inmate as to the reason for the designation of "Possession of a Weapon," an A-1 offense, versus "Dangerous Contraband," a Division C offense. Additionally, this provides the inmate with the information necessary to prepare a defense to the possession of a weapon.

If you have any questions or concerns in this matter, please contact Nancy Threm, Correctional Counselor II, at extension 7753.

*Original signed by:*

JOE MCGRATH
Warden

State of California

# Memorandum

Date : December 16, 2005

To : All Staff

From : Department of Corrections and Rehabilitation
Pelican Bay State Prison, P.O. Box 7000, Crescent City, CA 95532-7000

Subject : OPERATIONAL PROCEDURE NO. 806, INMATE PERSONAL PROPERTY PLAN

The attached revision should be made to all existing copies of Operational Procedure (OP) No. 806, Inmate Personal Property Plan, Authorized Personal Property Plan (Attachment E).

The new Personal Property Schedule is an addendum to the current Personal Property Schedule dated October 13, 2005, authored by Richard J. Kirkland, Warden.

If you have any questions regarding this matter, please contact C. McGuyer, Correctional Sergeant, Receiving and Release, at extension 5561.

RICHARD J. KIRKLAND
Warden

Attachment

cc: C. McGuyer

# PELICAN BAY STATE PRISON
## PERSONAL PROPERTY SCHEDULE - 2005

Security Housing Unit (SHU), Psychiatric Services Unit (PSU), Administrative Segregation Unit (ASU), General Population (GP), Gym and Level I (Dorm)

**[PE]RSONAL CARE / HYGIENE:**

UPON AVAILABILITY, ALL COSMETIC ITEMS, INCLUDING HAIR CARE PRODUCTS, DEODORANTS, SOAPS, AND TOOTHPASTE MUST BE TRANSPARENT (BOTH THE SUBSTANCE AND THE CONTAINER MUST BE SEE-THROUGH). NO ALCOHOL-BASED PRODUCTS AND NO AEROSOL CONTAINERS ALLOWED.

NO METAL CONTAINERS.

PRODUCTS CONTAINING PHOSPHATES ARE NOT ALLOWED.

ALL HYGIENE ITEMS ARE SUBJECT TO THE SIX CUBIC FOOT LIMITATION.

X

| ITEM DESCRIPTION<br>With additional requirements and restrictions | LEVEL I | GYM | GP / THU | ASU | SHU | PSU |
|---|---|---|---|---|---|---|
| [B]ODY POWDERS (Baby powder, foot powder, etc.). | 2 | 2 | 2 | 0 | 0 | 0 |
| [C]OMB (Non-metal, no handle, 6" max. in length) | 1 | 0 | 0 | 0 | 0 | 0 |
| [P]ALM BRUSH (Palm style comb, no handle, plastic only) | 1 | 1 STATE | 1 STATE | 1 STATE | 1 STATE | 1 STATE |
| [C]OSMETIC / SHAVING BAG (Clear only, not to exceed [6]" x 6" x 8") | 1 | 1 | 1 | 0 | 0 | 0 |
| [C]OTTON SWABS | 40 | 40 | 40 | 0 | 0 | 0 |
| DENTURE ADHESIVE | 2 each | 2 each | 2 each | 1 | 1 | 1 |
| DENTURE CLEANER | 2 each | 2 each | 2 each | 1 | 1 | 1 |
| DENTAL FLOSSERS/GLIDERS | YES | YES | YES | YES | YES | YES |
| DEODORANT | 4 | 4 | 4 | 2 | 2 | 2 |
| DEPILATORYS (Cream based hair removers only. No powders) | 2 | 2 | 2 | 0 | 0 | 0 |
| HAIR CONDITIONER | 2 | 2 | 2 | 0 | 0 | 0 |
| HAIR OIL / GREASE | 2 | 2 | 2 | 0 | 0 | 0 |
| LAUNDRY SOAP (Low phosphate, non-chlorine powder only). | 1 | 1 | 1 | 0 | 0 | 0 |
| LIP BALM (No pigmentation added). | 2 | 2 | 2 | 0 | 0 | 0 |
| LOTION | 2 | 2 | 2 | 1 | 1 | 1 |
| MEDICATIONS, OVER-THE-COUNTER (OTC) (Only those medications allowed by the current OTC drug distribution policy shall be stocked by the institution canteen. OTC medications are not approved for inmate packages). | YES | YES | YES | YES | YES | YES |
| MIRROR (Maximum of 6" diameter) | 1 | 0 | 0 | 0 | 0 | 0 |
| MOUTHWASH (Non-alcohol only) | 2 | 2 | 2 | 0 | 0 | 0 |
| NAIL CLIPPERS | 1 | 0 | 0 | 0 | 0 | 0 |
| PETROLEUM JELLY | 2 | 2 | 2 | 0 | 0 | 0 |
| RAZOR (DISPOSABLE) | 10 | 0 | 0 | 0 | 0 | 0 |
| SHAMPOO | 2 | 2 | 2 | 1 | 1 | 1 |
| SHAVING CREAM (Non-aerosol) | 2 | 2 | 2 | 0 | 1 | 1 |
| SOAP - BAR | 4 | 4 | 4 | 2 | 2 | 2 |
| SOAP - DISH (Clear soft plastic only) | 1 | 1 | 1 | 0 | 0 | 0 |
| | 2 | 2 | 2 | 0 | 0 | 0 |

# EXHIBIT G

MAY 18 2007

CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE

United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA

COLVIN MCCRIGHT,
Petitioner,
vs.
R. J. KIRKLAND, Warden,
Respondent.

No. C 05-05071 JW (PR)

ORDER GRANTING MOTION TO DISMISS

(Docket No. 6)

On December 8, 2005, petitioner filed a pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, alleging that Pelican Bay State Prison ("PBSP") officials violated due process when they found him guilty of possession of a deadly weapon. Petitioner was granted leave to proceed in forma pauperis in a separate order, dated September 21, 2006.

The Court found the petition, liberally construed, stated cognizable claims and ordered respondent to show cause why the writ should not be granted. Respondent filed a motion to dismiss for failure to state a cognizable claim, and petitioner filed an opposition.

United States District Court
For the Northern District of California

## BACKGROUND

Since 1972, petitioner has been serving a sentence of seven years to life for a state conviction for first degree murder. While incarcerated at PBSP, petitioner was found guilty of possession of a deadly weapon, i.e., a razor blade. Although it appears that petitioner was not assessed any forfeiture of good-time credits for the offense, his canteen privileges were restricted for ninety days. Petitioner alleges that due process was violated because the prison officials could not prove that the razor blade was actually his even though they found it in his cell. Petitioner claims that the availability of a new search instrument allowed prison officials to discover the razor blade which he alleges was hidden in the cell prior to his occupation. Petitioner seeks declaratory judgment, injunctive relief, the charge of possession of a deadly weapon be reduced to destruction of state property, discovery of documents which would support his allegations, and an evidentiary hearing. Petitioner alleges that he has exhausted his administrative and state court remedies.

## DISCUSSION

A. Standard of Review

This court may entertain a petition for a writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a); Rose v. Hodges, 423 U.S. 19, 21 (1975). A district court shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243. Federal courts have a duty to construe pro se petitions for a writ of habeas corpus liberally. Zichko v. Idaho, 247 F.3d 1015, 1020 (9th Cir. 2001).

United States District Court
For the Northern District of California

B. Motion to Dismiss

Respondent argues that petitioner has not alleged that the guilty finding impacts the fact or duration of his incarceration, and that since petitioner's claim addresses a condition of confinement, it should be brought as a civil rights action under 42 U.S.C. § 1983. Petitioner in his opposition contends that the rule violation does affect the duration of his sentence because it is evidence of adverse "institution behavior" which is a factor for denying parole. Petitioner does not allege that he has been denied parole on the basis of such evidence.

The Ninth Circuit has held that "habeas jurisdiction is absent, and a § 1983 action proper, where a successful challenge to a prison condition will not necessarily shorten the prisoner's sentence." Ramirez v. Galaza, 334 F.3d 850, 859 (9th Cir. 2003). Although a district court may construe a habeas petition by a prisoner attacking the conditions of his confinement as a civil rights action under 42 U.S.C. § 1983, see Wilwording v. Swenson, 404 U.S. 249, 251 (1971), the preferred practice in the Ninth Circuit has been that challenges to conditions of confinement should be brought in a civil rights complaint. See Badea v. Cox, 931 F.2d 573, 574 (9th Cir. 1991) (civil rights action is proper method of challenging conditions of confinement); Crawford v. Bell, 599 F.2d 890, 891-92 & n.1 (9th Cir. 1979) (affirming dismissal of habeas petition on basis that challenges to terms and conditions of confinement must be brought in civil rights complaint).

The arguments petitioner raises in his opposition are without merit. Petitioner's concern that the rules violation will have an adverse affect on his eligibility for parole are far too speculative and premature. Petitioner's claim involves neither a denial of parole nor the forfeiture of good time credits where a determination may likely result in entitlement to an earlier release and thus must be brought in habeas. See Butterfield v. Bail, 120 F.3d 1023, 1024 (9th Cir. 1997); see

also Ramirez v. Galaza, 334 F.3d 850, 858-59 (9th Cir. 2003) (implying that claim, which if successful would "necessarily"or "likely" accelerate the prisoner's release on parole, must be brought in a habeas petition). On the contrary, since it is clear that a successful challenge of petitioner's claim will not necessarily shorten his sentence, this Court finds that habeas jurisdiction is absent and a § 1983 action proper for bringing this action. See Ramirez, 334 F.3d at 859. Therefore, this Court sees no reason why respondent's motion to dismiss should not be granted, and this action dismissed without prejudice to petitioner filing a civil rights complaint under 42 U.S.C. § 1983. See Crawford, 599 F.2d at 891-92 & n.1.

**CONCLUSION**

For the foregoing reasons, respondent's motion to dismiss (Docket No. 6) is GRANTED. The petition for a writ of habeas corpus is DISMISSED without prejudice.

DATED: May 18, 2007

JAMES WARE
United States District Judge

United States District Court
For the Northern District of California




MAY 18 2007

CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE

United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA

COLVIN MCCRIGHT,
Petitioner,
vs.
R. J. KIRKLAND, Warden,
Respondent.

No. C 05-05071 JW (PR)

JUDGMENT

This petition is DISMISSED without prejudice for the reasons stated on the accompanying order granting respondent's motion to dismiss. Judgment is entered accordingly.

The clerk shall close the file.

DATED: May 18, 2007

JAMES WARE
United States District Judge

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

COLVIN MCCRIGHT,

Petitioner,

v.

R. J. KIRKLAND, Warden,

Respondent.

_______________________________/

Case Number: CV05-05071 JW

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on 5/18/07, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Amber Nicole Wipfler
Office of the Attorney General
Correctional Law Section
455 Golden Gate Avenue
Suite 11000
San Francisco, CA 94102-7004

Colvin McCright B-08892
Pelican Bay State Prison
5905 Lake Earl Dr.,
Crescent City, Ca 95532

Dated: 5/18/07

Richard W. Wieking, Clerk
By: Elizabeth Garcia, Deputy Clerk

PROOF OF SERVICE BY MAIL

(C.C.P. Sec. 101a #2015.5, 28 U.S.C Sec. 1746)

I, COLVIN MCCRIGHT, am a resident of Pelican Bay State Prison, in the County of Del Norte, State of California. I am over the age of eighteen (18) years and am a party to the above-entitled action.

My State Prison address is: Post Office Box 7500, Crescent City, California, 95531.

On the 6 day of JUNE, 2007, I served the following (set forth the exact title of document(s) served):

COMPLAINT UNDER THE CIVIL RIGHTS ACT 42 U.S.C. § 1983; MOTION FOR APPOINTMENT OF COUNSEL; MOTION FOR SUBPOENA DUCES TECUM.

on the party(s) herein by placing a true copy(s) thereof, enclosed in a sealed envelope(s), with postage thereon fully paid, in the United States mail, in a deposit box so provided at Pelican Bay State Prison, Crescent City, California, 95531, addressed as follows:

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
280 SOUTH FIRST ST.
ROOM 2112
SAN JOSE, CALIF.
95113-3095

There is delivery service by United States mail to the place so addressed and/or there is regular communication by mail between the place of mailing and the place so addressed.

I declare under penalty of perjury that the foregoing is true and correct.

Dated this 6 day of JUNE, 2007

Colvin McCright
COLVIN MCCRIGHT