**United States District Court**
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| COLVIN MCCRIGHT,<br><br>    Plaintiff,<br><br>  vs.<br><br>WARDEN JOE MCGRATH, et al.,<br><br>    Defendant(s). | No. C 07-03021 JW (PR)<br><br>ORDER GRANTING LEAVE TO PROCEED *IN FORMA PAUPERIS*; DENYING MOTION FOR APPOINTMENT OF COUNSEL; DENYING MOTION FOR SUBPOENA DUCES TECUM<br><br>(Docket Nos. 2, 3 & 4) |

Plaintiff, an inmate at the Pelican Bay State Prison in Crescent City, California, filed a pro se civil rights complaint pursuant to 42 U.S.C. § 1983 alleging unlawful conduct by prison officials that violated plaintiff's constitutional rights.

Plaintiff's motion to proceed in forma pauperis (Docket No. 2) is GRANTED. The total filing fee that will ultimately be due is $350.00. In view of plaintiff's lack of income and zero account balance over the last six months, no initial partial filing fee is due. Funds for the filing fee will be taken from income to plaintiff's account in accordance with 28 U.S.C. § 1915(B)(1). A copy of this order and the attached instructions will be sent to plaintiff, the prison trust account office, and the Court's financial office.

Plaintiff's motion for appointment of counsel (Docket No. 3) is denied for lack of exceptional circumstances. See Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986).

Plaintiff's motion for subpoena duces tecum (Docket No. 4) is DENIED as premature. Plaintiff may compel a person who is not a party to this action to produce documents for inspection and copying pursuant to a subpoena duces tecum. See Fed. R. Civ. P. 34(c), 45(a). In order to do so, plaintiff must fill out the subpoena forms provided by the Clerk of Court and must ensure that each person is served with the subpoena by a non-party. Plaintiff must tender to each person "the fees for one day's attendance and the mileage allowed by law." Fed R. Civ. P. 45(b)(1). The current requisite fee for each person is forty dollars per day, see 28 U.S.C. § 1821(b), and cannot be waived for a plaintiff proceeding in forma pauperis. See Dixon v. Ylst, 990 F.2d 478, 480 (9th Cir. 1993). These requirements do not apply to a request for production of documents from one party on any other party. See Fed. R. Civ. P. 34(a).

The Court will consider ordering the United States Marshal to serve a subpoena duces tecum on a non-party if plaintiff submits to the Court a completed subpoena form and the requisite fee. The form must describe the items to be produced with reasonable particularity and designate a reasonable time, place and manner for their production. See Fed. R. Civ. P. 34(b). The clerk is instructed to send plaintiff four blank subpoena forms along with this Order.

This order terminates Docket Nos. 2, 3 and 4.

DATED: December 4, 2007

JAMES WARE
United States District Judge

Order Granting IFP; Denying Motion for Appointment of Counsel; Denying Motion for Subpoena
P:\PRO-SE\SJ.JW\CR.07\McCright03021_IFP-counsel&other.wpd 2

**UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA**

INSTRUCTIONS FOR PAYMENT OF PRISONER'S FILING FEE

The prisoner shown as the plaintiff or petitioner on the attached order has filed a civil action in forma pauperis in this court and owes to the court a filing fee. Pursuant to 28 U.S.C. § 1915, the fee is to be paid as follows:

> The initial partial filing fee listed on the attached order should be deducted by the prison trust account office from the prisoner's trust account and forwarded to the clerk of the court as the first installment payment on the filing fee. This amount is twenty percent of the greater of (a) the average monthly deposits to the prisoner's account for the 6-month period immediately preceding the filing of the complaint/petition or (b) the average monthly balance in the prisoner's account for the 6-month period immediately preceding the filing of the complaint/petition.

> Thereafter, on a monthly basis, 20 percent of the preceding month's income credited to the prisoner's trust account should be deducted and forwarded to the court each time the amount in the account exceeds ten dollars ($10.00). The prison trust account office should continue to do this until the filing fee has been paid in full.

If the prisoner does not have sufficient funds in his/her account to pay the initial partial filing fee, the prison trust account office should forward the available funds, and carry the balance forward each month until the amount is fully paid.

If the prisoner has filed more than one complaint, (s)he is required to pay a filing fee for each case. The trust account office should make the monthly calculations and payments for each case in which it receives an order granting in forma pauperis and these instructions.

**The prisoner's name and case number must be noted on each remittance. The initial partial filing fee is due within thirty days of the date of the attached order.** Checks should be made payable to Clerk, U.S. District Court and sent to Prisoner Accounts Receivable, U.S. District Court, 450 Golden Gate Avenue, Box 36060, San Francisco, CA 94102.

cc:    Plaintiff
       Finance Office

Order Granting IFP; Denying Motion for Appointment of Counsel; Denying Motion for Subpoena
P:\PRO-SE\SJ.JW\CR.07\McCright03021_IFP-counsel&other.wpd 3