MR. COLVIN McCRIGHT - B-03892
P.O. BOX 7500 (A3-131)
CRESCENT CITY, CALIFORNIA

PLAINTIFF IN FORMA PAUPERIS/

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| COLVIN McCRIGHT, PLAINTIFF, vs. *WARDEN JOE McGRATH, ET AL., DEFENDANTS | No. C-07-03021-JW DECLARATION IN SUPPORT FOR "DAMAGE DEMAND", AND "MOTION FOR DEFAULT JUDGMENT". |

I, COLVIN McCRIGHT, DULY AVER UNDER PENALTY OF PERJURY THE FOLLOWING:

1. I AM THE PLAINTIFF HEREIN.

2. THIS COURT, ON DECEMBER 17, 2007, GRANTED PLAINTIFF LEAVE TO PROCEED WITH THIS CIVIL ACTION.

3. THE COURT FILES AND RECORDS HEREIN SHOW THAT PLAINTIFF WAS GRANTED LEAVE TO PROCEED; THAT PLAINTIFF REQUESTED DEFENDANTS PRODUCE DOCUMENTS THAT WOULD ASSIST WITH PROVING THE CASE; AND THAT PLAINTIFF HAS FILED A MOTION TO COMPELL DISCOVERY OF DOCUMENTS, IN PARTICULARLY A MEMORANDUM ISSUED BY DEFENDANT JOE McGRATH THAT STATES IN RELEVANT PART THAT THE DEFACto DEADLY WEAPONS POLICY THAT RESULTED IN PLAINTIFF BEING FALSELY CHARGED WITH POSSESSION OF A DEADLY WEAPON WAS BASED ON A ARBITRARY AGREEMENT BETWEEN DEFENDANT JOE McGRATH AND THE LOCAL DEL NORTE DISTRICT ATTORNEY.

4. THE COURT RECORDS WILL ALSO SHOW THAT DEFENDANTS

** / CURRENTLY DEFENDANT ROBERT HOREL IS THE WARDEN OF PELICAN BAY STATE PRISON.

-1-

HAVE FAILED OR REFUSED TO ANSWER TO OTHERWISE DEFEND AS TO PLAINTIFF CLAIMS, OR SERVED A COPY OF ANY ANSWER OR OTHERWISE DEFEND UPON PLAINTIFF HEREIN.

5. DEFENDANTS ARE NOT IN THE MILITARY SERVICE AND ARE NOT INFANTS OR INCOMPETENT, IN THAT, THIS ACTION BEGAN AS A HABEAS CORPUS IN CASE NO. C-05-05071-JW; AND IT WAS DEFENDANTS WHO URGED THIS COURT TO DISMISS THE HABEAS CORPUS ON THE GROUND THAT THE CLAIMS SHOULD BE TREATED AS A CIVIL ACTION UNDER 42 U.S.C. §1983.

6. BECAUSE OF DEFENDANTS ACTS AND OMISSIONS AND FAILURE TO DEFEND AGAINST PLAINTIFF UNDISPUTED CLAIMS, PLAINTIFF DEMANDS THAT DEFENDANTS BE ORDERED TO PAY PLAINTIFF $350.00 FILING FEES; AND THAT THE COURT NOTIFY THE PRISON TRUST OFFICE THAT THE FEES HAVE BEEN PAID SO THAT THE COURT'S DECEMBER 17, 2007 ORDER CAN BE DECLARED TO BE MOOT; AND THAT PLAINTIFF BE PROVIDED A COPY OF THE DISPOSITION.

7. BASED ON DEFENDANTS ACTS AND OMISSIONS PLAINTIFF ALSO DEMANDS THAT DEFENDANTS BE ORDERED TO PAY PLAINTIFF $10,000 TO BE DEPOSITED IN PLAINTIFF TRUST ACCOUNT.

8. PLAINTIFF BELIEVES THESE DAMAGES ARE APPROPRIATE FOR THE FOLLOWING REASONS:

(A) BY CHARGING PLAINTIFF WITH POSSESSION OF A DEADLY WEAPON DEFENDANTS EXPOSED PLAINTIFF TO A POSSIBLE 3-STRIKES CHARGE THAT WOULD HAVE RESULTED IN PLAINTIFF BEING SENTENCED TO MULTIPLE LIFE TERMS PER PC 1170.12;

(B) ON MORE THAN ONE OCCASION THE DIRECTOR OF CORRECTIONS AND/OR HIS REPRESENTATIVE(S) INSTRUCTED DEFENDANTS TO "CEASE AND DESIST" THEIR DE FACTO WEAPONS POLICY. HOWEVER, DEFENDANTS DISREGARDED THE DIRECTORS INSTRUCTIONS AND INSTEAD VIOLATED STATE LAWS, IN PARTICULARLY, PC 2651 (NO PUNISHMENT EXCEPT AS MAY BE AUTHORIZED BY THE DIRECTOR OF CORRECTIONS "SHALL" BE INFLICTED); AND PLAINTIFF LIBERTY INTEREST TO BE HOUSED IN THE GENERAL POPULATION BY CONFISCATING ALL OF HIS PERSONAL AND LEGAL PROPERTY, AND SEGREGATING HIM IN THE "ATYPICAL" ADMINISTRATIVE SEGREGATION UNIT WHERE HE WAS CONFINED TO A PRISON CELL 24-HOURS MOST DAYS, AND WITHOUT PRIVILEGES FOR 90-DAYS. SEE TOUSSAINT V. MCCARTHY, 801 F.2d 1080, 1097-98 (PRISONER'S HAVE A LIBERTY INTEREST TO REMAIN IN THE GENERAL POPULATION UNLESS PRESENCE IN THE GENERAL POPULATION POSES A THREAT." ADDITIONAL[LY] DEFENDANTS KNEW OR SHOULD HAVE KNOWN THE DIRECTORS REGULATIONS ARE MANDITORY. SEE IN RE FRENCH, (1980), 164 CAL.RPTR. 800.

(C) DEFENDANTS RECALCITRANCE HAS BEEN WELL DOCUMENTED BY STATE AND FEDERAL COURTS. REFER TO HILLERY V. RUSHEN, 720 F.2d 1132 (1983);

-2-

9. THE CHARGES LODGED AGAINST PLAINTIFF WERE SERIOUS. BASED ON CONVERSATIONS WITH OTHER SIMILARLY SITUATED PRISONERS, PLAINTIFF IS AWARE THAT THEY WERE SENTENCED TO LONG TERMS IN THE SECURITY HOUSING UNIT; OTHERS WERE PRESSURED TO ACCEPT LONG SHU TERMS TO AVOID CRIMINAL PROSECUTION; AND OTHERS WERE ACTUALLY ARRAIGNED IN COURT AND FORCED TO TAKE 2-YEAR DEALS TO AVOID BEING CHARGED UNDER THE DRACONIAN 3-STRIKES LAW (PC 1170.12).

10. DEFENDANT'S CHARACTERIZATION OF PLAINTIFF EXPERIENCE AS NOTHING MORE THAN "A 90-DAY LOSS OF CANTEEN PRIVILEGES" IS FURTHER EVIDENCE OF THEIR DISREGARD FOR COURT JUDGMENTS AND PLAINTIFF DUE PROCESS RIGHTS. SEE DEFENDANTS MOTION TO DISMISS IN CASE NO. C-05-05071-JW, PAGE 2, LINES 3-6.

11. A $10,000 JUDGMENT AGAINST DEFENDANTS IS NOT UNREASONABLE, WHERE, BUT FOR THE FACT THAT PLAINTIFF IS A PRISONER, DEFENDANTS WOULD BE REQUIRED TO PAY TWICE THAT AMOUNT IN ATTORNEY FEES.
IN MY CASE I HAVE BEEN FORCED TO LITIGATE THIS MATTER FOR MORE THAN 2-YEARS. DURING THIS TIME I HAVE ACTED ACTED IN THE CAPACITY AS A QUALIFIED PARALEGAL WHO HAS COMPETENTLY BROUGHT AND MAINTAINED THIS ACTION.

12. PLAINTIFF HAS SPENT NO LESS THE AMOUNT OF HOURS LITIGATING THIS CASE THAN A LAWYER OR PARA LEGAL WOULD HAVE. THEREFORE, A JUDGMENT IN THE AMOUNT OF $10,000 AND PLAINTIFF COST OF THIS ACTION IS NOT UNREASONABLE. FOR INSTANCE: IN THE CASE OF, FREITAG V. AYERS, 468 F.3d 528 (2006), A PRISON GUARD AT THIS PRISON WAS AWARDED $600,000 IN DAMAGES FOR SEXUAL HARRASSMENT.

13. THIS DECLARATION IS EXECUTED IN ACCORDANCE WITH THE APPROPRIATE RULES OF CIVIL PROCEDURES, FOR THE PURPOSE OF ENABLING PLAINTIFF HEREIN TO OBTAIN AN ENTRY FOR DEFAULT JUDGMENT AND A MONETARY JUDGMENT AGAINST DEFENDANTS HEREIN, FOR THEIR FAILURE TO ANSWER OR OTHERWISE DEFEND AS TO PLAINTIFF COMPLAINT.

DATED: MARCH 25, 2008

Mr. Colvin McCright
MR. COLVIN MCCRIGHT
PLAINTIFF IN FORMA PAUPERIS

—3—