United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| COLVIN MCCRIGHT,<br><br>    Plaintiff,<br><br>vs.<br><br>WARDEN JOE MCGRATH, et al.,<br><br>    Defendants. | No. C 07-03021 JW (PR)<br><br>ORDER OF SERVICE; DIRECTING DEFENDANTS TO FILE DISPOSITIVE MOTION OR NOTICE REGARDING SUCH MOTION; INSTRUCTIONS TO CLERK<br><br>(Docket Nos. 10 & 11) |

Plaintiff, an inmate at the Pelican Bay State Prison in Crescent City, California, filed a pro se civil rights complaint pursuant to 42 U.S.C. § 1983 alleging unlawful conduct by prison officials that violated his constitutional rights. Plaintiff was granted in forma pauperis status in an earlier order. The Court now reviews the complaint pursuant to 28 U.S.C. § 1915A(a).

**DISCUSSION**

A.    Standard of Review

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint "is

Order of Service
P:\PRO-SE\SJ.JW\CR.07\McCright03021_service.wpd

1   frivolous, malicious, or fails to state a claim upon which relief may be granted," or
2   "seeks monetary relief from a defendant who is immune from such relief." Id. §
3   1915A(b). Pro se pleadings must be liberally construed, however. Balistreri v.
4   Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990).

5       To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two
6   elements: (1) that a right secured by the Constitution or laws of the United States
7   was violated, and (2) that the alleged violation was committed by a person acting
8   under the color of state law. West v. Atkins, 487 U.S. 42, 48 (1988).

9   B.   Legal Claims

10       Plaintiff challenges a Rules Violation Report ("RVR") charging him with
11   "possession or manufacture of a deadly weapon" after prison officials discovered a
12   loose razor blade in his cell on February 19, 2004. (Compl. 5.) After a disciplinary
13   hearing, plaintiff was found guilty of the charge. Because time constraints were
14   exceeded, no credit forfeiture was assessed. However, plaintiff was referred to
15   classification for SHU evaluation. Plaintiff claims that as a result of the improper
16   RVR, he was removed from general population to administrative segregation where
17   he was subjected to more severe restrictions. (Id. at 6.)

18       Plaintiff claims that he had no knowledge of the razor blade in his cell when
19   officers found it. Plaintiff also asserts that prison memoranda on the subject of razor
20   blades state that mere possession of a loose razor blade is not sufficient to convert a
21   "dangerous contraband" into a "dangerous weapon" without proof of the intended
22   use. (Compl. Ex. B.) Liberally construed, plaintiff's claim raises due process
23   concerns because the guilty finding for "possession of a dangerous weapon" was
24   allegedly based on insufficient evidence, i.e., no proof of intent to use the
25   contraband as a weapon. Liberally construed, this claim is cognizable under § 1983.

26
27   **CONCLUSION**

28       1.   The clerk of the Court shall issue summons and the United States

Order of Service
P:\PRO-SE\SJ.JW\CR.07\McCright03021_service.wpd          2

1  Marshal shall serve, without prepayment of fees, a copy of the complaint in this
2  matter, all attachments thereto, and a copy of this order upon **defendants Joe**
3  **McGrath, Lethal Polk, S. C. Wheeler, D. Roy, G. Griffith, and R. Horel** at the
4  **Pelican Bay State Prison**. The clerk shall also mail courtesy copies of the
5  complaint and this order to the California Attorney General's Office.

6  2. No later than **sixty (60) days** from the date of this order, defendants
7  shall file a motion for summary judgment or other dispositive motion with respect to
8  the claims in the amended complaint found to be cognizable above.

9  a. If defendants elect to file a motion to dismiss on the grounds
10  plaintiff failed to exhaust his available administrative remedies as required by 42
11  U.S.C. § 1997e(a), defendants shall do so in an unenumerated Rule 12(b) motion
12  pursuant to Wyatt v. Terhune, 315 F.3d 1108, 1119-20 (9th Cir. 2003), cert. denied
13  Alameida v. Terhune, 540 U.S. 810 (2003).

14  b. Any motion for summary judgment shall be supported by
15  adequate factual documentation and shall conform in all respects to Rule 56 of the
16  Federal Rules of Civil Procedure. **Defendants are advised that summary**
17  **judgment cannot be granted, nor qualified immunity found, if material facts**
18  **are in dispute. If any defendant is of the opinion that this case cannot be**
19  **resolved by summary judgment, he shall so inform the Court prior to the date**
20  **the summary judgment motion is due.**

21  3. Plaintiff's opposition to the dispositive motion shall be filed with the
22  Court and served on defendants no later than **thirty (30) days** from the date
23  defendants' motion is filed.

24  a. In the event the defendants file an unenumerated motion to
25  dismiss under Rule 12(b), plaintiff is hereby cautioned as follows:[1]

---

[1] The following notice is adapted from the summary judgment notice to be given to pro se prisoners as set forth in Rand v. Rowland, 154 F.3d 952, 963 (9th Cir. 1998) (en banc). See Wyatt v. Terhune, 315 F.3d at 1120 n.14.

Order of Service
P:\PRO-SE\SJ.JW\CR.07\McCright03021_service.wpd          3

> The defendants have made a motion to dismiss pursuant to Rule 12(b) of the Federal Rules of Civil Procedure, on the ground you have not exhausted your administrative remedies. The motion will, if granted, result in the dismissal of your case. When a party you are suing makes a motion to dismiss for failure to exhaust, and that motion is properly supported by declarations (or other sworn testimony) and/or documents, you may not simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or documents, that contradict the facts shown in the defendant's declarations and documents and show that you have in fact exhausted your claims. If you do not submit your own evidence in opposition, the motion to dismiss, if appropriate, may be granted and the case dismissed.

b.   In the event defendants file a motion for summary judgment, the Ninth Circuit has held that the following notice should be given to plaintiffs:

> The defendants have made a motion for summary judgment by which they seek to have your case dismissed. A motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case.
> Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact--that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradict the facts shown in the defendants' declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted in favor of defendants, your case will be dismissed and there will be no trial.

See Rand v. Rowland, 154 F.3d 952, 963 (9th Cir. 1998) (en banc). Plaintiff is advised to read Rule 56 of the Federal Rules of Civil Procedure and Celotex Corp. v. Catrett, 477 U.S. 317 (1986) (holding party opposing summary judgment must come forward with evidence showing triable issues of material fact on every essential element of his claim). Plaintiff is cautioned that failure to file an opposition to defendants' motion for summary judgment may be deemed to be a consent by

Order of Service
P:\PRO-SE\SJ.JW\CR.07\McCright03021_service.wpd         4

plaintiff to the granting of the motion, and granting of judgment against plaintiff without a trial.  See Ghazali v. Moran, 46 F.3d 52, 53-54 (9th Cir. 1995) (per curiam); Brydges v. Lewis, 18 F.3d 651, 653 (9th Cir. 1994).

4. Defendants shall file a reply brief no later than **fifteen (15) days** after plaintiff's opposition is filed.

5. The motion shall be deemed submitted as of the date the reply brief is due.  No hearing will be held on the motion unless the Court so orders at a later date.

6. All communications by the plaintiff with the Court must be served on defendants, or defendants' counsel once counsel has been designated, by mailing a true copy of the document to defendants or defendants' counsel.

7. Discovery may be taken in accordance with the Federal Rules of Civil Procedure.  No further court order under Federal Rule of Civil Procedure 30(a)(2) or Local Rule 16-1 is required before the parties may conduct discovery.

8. It is plaintiff's responsibility to prosecute this case.  Plaintiff must keep the court informed of any change of address and must comply with the court's orders in a timely fashion.  Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

9. Extensions of time must be filed no later than the deadline sought to be extended and must be accompanied by a showing of good cause.

DATED:  August 13, 2008

JAMES WARE
United States District Judge

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

COLVIN MCCRIGHT,

        Plaintiff,

  v.

JOE MCGRATH, et al.,

        Defendants.

Case Number: CV07-03021 JW

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on 8/14/2008, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Colvin McCright B-08892
Pelican Bay State Prison
5905 Lake Earl Drive
P.O. Box 7000
Crescent City, CA 95532-7500

Dated: 8/14/2008

Richard W. Wieking, Clerk
/s/ By: Elizabeth Garcia, Deputy Clerk